JACK H. JOHNSON, Plaintiff, v. R.R. DONNELLEY & SONS COMPANY et al., Defendants (R.R. Donnelley & Sons Company et al., Third–Party Plaintiffs-Appellants; R.J.R., Inc., Third–Party Defendant-Appellee).

First District (5th Division)   Nos. 1—86—2911, 1—86—3022, 1—86—2998 cons.

Opinion filed June 23, 1989.—Rehearing denied August 11, 1989.

Nicholas A. Riewer, of Brinton & Bollinger, of Chicago, for appellant Crown Corr Erection, Inc.

David J. Loughnane, of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Jack H. Johnson, plaintiff, was injured when he fell from a scaffold on which he worked installing metal siding at defendant R.R. Donnelley's (Donnelley's) plant. Crown Corr Erection, Inc. (Crown Erection), contracted with Donnelley to install the siding and subcontracted with R.J.R., Inc., whereby R.J.R. was to provide the labor for the installation of the siding. To recover damages for his injuries, plaintiff Johnson filed a complaint against defendants Donnelley and Mid-American Engineers, Inc., in which he alleged a violation of the Illinois Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60

through 69). Plaintiff Johnson also filed a strict products liability action (Ill. Rev. Stat. 1985, ch. 110, par. 2—621) against Crown Erection for supplying the allegedly defective scaffold. Crown Erection filed a third-party complaint against R.J.R. under the Structural Work Act, products liability (Ill. Rev. Stat. 1985, ch. 110, par. 2—621), and the Illinois Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 301), which sought contribution from R.J.R. for its *pro rata* share of the fault which contributed to plaintiff Johnson's injuries. The cause was tried before a jury, and at the close of all the evidence, the trial court granted R.J.R.'s motion for a directed verdict against Crown Erection. The jury then returned a verdict in favor of plaintiff Johnson and against the defendants, Donnelley, Mid-American Engineers, R.J.R. and Crown Erection. R.R. Donnelley, Mid-America, and Crown Erection all appeal, and the sole issue on appeal is whether the trial court erred when it directed a verdict in favor of R.J.R. For the following reasons, we reverse the trial court's order directing a verdict in favor of R.J.R., and we remand the cause for a new trial on the contribution complaints of R.R. Donnelley, Mid-America and Crown Erection against R.J.R.

Prior to trial, the trial court granted Crown Erection's motion *in limine* to bar admission of any evidence that Crown Erection and R.J.R. were not separate and distinct legal entities.

The trial evidence established the following. Crown Erection, Inc., contracted with Donnelley to furnish and install metal siding at the Donnelley plant in Mattoon, Illinois. Crown then entered into a subcontract with R.J.R., Inc., whereby R.J.R. was to provide the labor for the erection of the metal siding at the Donnelley plant. Crown also leased the necessary scaffolding to R.J.R. to perform the labor. At the time the subcontract and lease were entered *into* between R.J.R. and Crown, R.J.R. acknowledged that the scaffold equipment was received by R.J.R. in good condition for the purpose for which it was intended, *i.e.*, the installation of siding at Donnelley's Mattoon, Illinois, plant. Mel Lolkema, an employee of R.J.R., went to a union hall and hired plaintiff, Jack H. Johnson, to work on the installation of the siding at the Donnelley plant. Plaintiff Johnson was injured when he fell from a swing stage scaffold which was being used on the jobsite.

R.J.R.'s motion for a directed verdict against Crown Erection was premised on the grounds that although Mel Lolkema, who hired plaintiff Johnson, was an employee of R.J.R., nevertheless, R.J.R. contended, Mel Lolkema was not acting as R.J.R.'s agent, but, rather, Mel Lolkema was acting as Crown's agent when he hired plaintiff Johnson, as well as on the jobsite when and where plaintiff's injury

occurred. The trial court granted R.J.R.'s motion for a directed verdict against Crown Erection. Crown's post-trial motion to vacate the trial court's order for a directed verdict in favor of R.J.R. contended that the question of whether an agency relationship existed between Mel Lolkema, R.J.R. or Crown Erection was a question of fact which was properly to be decided by the jury and was not to be decided by the trial court in the form of directing a verdict. Crown Erection further contended that there was overwhelming evidence that Mel Lolkema was an agent of R.J.R.

■ A verdict should not be directed unless all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based upon that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.) This rule has been applied to cases brought under the Structural Work Act (*Lyle v. Sester* (1981), 103 Ill. App. 3d 208, 430 N.E.2d 699) and also to cases brought under strict liability theories (*Crump v. Universal Safety Equipment Co.* (1979), 79 Ill. App. 3d 202, 398 N.E.2d 188). The evidence in the case at bar, when viewed in its aspect most favorable to Crown Erection, does not so overwhelmingly favor R.J.R. that no contrary verdict based upon that evidence could ever stand. The evidence in the case at bar creates a substantial question of fact with respect to the agent status of Mel Lolkema, as well as to other acts or omissions of the other R.J.R. crew members which Crown Erection contends contributed to plaintiff's injuries.

■ The trial court's directed verdict was based upon its conclusion that Mel Lolkema was acting as the sole agent of Crown Erection. In so concluding, the trial court ignored the evidence that Mel Lolkema was acting as an agent for R.J.R. Lolkema was an employee of R.J.R. and was the installation foreman on the job. Lolkema was paid by R.J.R. and, if circumstances so arose, could have been terminated by R.J.R. Lolkema was the individual who hired the R.J.R. crew members from the union hall and executed the working agreement on behalf of R.J.R. between it and the union. Additionally, Lolkema's fellow workers testified that Lolkema was the R.J.R. foreman.

The only evidence which tended to establish some relationship between Crown and Lolkema was the testimonies of Crown's president, Joseph Pellar, and Crown's vice-president, Richard Pellar. Both indicated that Lolkema was Crown's representative on the jobsite. The testimonies of the Pellars, however, only created a question of fact regarding Lolkema's status with Crown. They did not establish as a

matter of law that Lolkema was an agent of Crown, or that Lolkema was not an agent of R.J.R., as the trial court concluded.

Additionally, the trial court, in basing its ruling on the agent status of Mel Lolkema, completely ignored the acts and or omissions of the R.J.R. crew members, including the plaintiff. The trial evidence established that when the component parts which comprised the scaffold arrived at the jobsite, the scaffold was erected by plaintiff Johnson and other R.J.R. employees. During the installation of the metal siding, Johnson and the other R.J.R. employees on several occasions moved the scaffold from one side of the building to another, sometimes completely disassembling and then reassembling it. Two days prior to the accident a fourth level was added to the scaffold by the R.J.R. crew. Dennis Brady, an employee of R.J.R., testified that he noticed that the addition of the fourth level caused the scaffold to feel "spongy" and he therefore attempted to determine the weight ratio between the counterweights and the load on the scaffold. He stated that there were too many variables in determining the weight ratio so he and the crew gave up trying to make the calculations. Brady further testified that because of this spongy feeling, he was concerned and made his concerns and observations about the scaffold and counterweights known to the R.J.R. crew. Brady and the R.J.R. crew were aware of the potentially dangerous and unsafe condition of the scaffold, about which they did nothing, just two days prior to the accident. R.J.R., as their employer, became vicariously aware of and responsible for their knowledge and inaction.

On the morning of the accident, January 18, 1984, the scaffold was moved to a new position which required the removal of some of the counterweights. The scaffold was then restacked by the R.J.R. crew, after which plaintiff Johnson was injured.

From the evidence, the jury could have concluded that the knowledge, acts and omissions of Brady, Lolkema and the other R.J.R. crew members contributed in whole or in part to plaintiff's injuries and that Mel Lolkema was not acting as the sole agent of Crown but was also acting as an agent of R.J.R. The trial court therefore erred in granting R.J.R.'s motion for a directed verdict against Crown's contribution claim. Accordingly, we reverse the trial court's order for the directed verdict and we remand the cause for a new trial on Crown's contribution complaint against R.J.R.

Reversed and remanded.

LORENZ and COCCIA, JJ., concur.