AREF SENNO, Plaintiff-Appellant, v. ALBERT JACKSON, Defendant-Appellee.

First District (3rd Division)   No. 1—90—1880

Opinion filed October 28, 1992.—Rehearing denied December 28, 1992.

Mark E. Wohlberg and Hardiman & Hardiman, both of Chicago (Eugene Hardiman, of counsel), for appellant.

Donald G. Weiland, of Chicago (Eileen P. Lenhardt, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Aref Senno, brought this action against defendant, Albert Jackson, to recover damages from defendant for personal injuries suffered by plaintiff as a result of defendant's alleged negligence in driving his automobile. Defendant then filed a third-party contribution action against plaintiff's wife, the driver of the car in which plaintiff was a passenger when the accident occurred. In the contribution action, the trial court directed a verdict in favor of plaintiff's wife, the third-party defendant, and against defendant, the third-party plaintiff. In plaintiff's personal injury action, the jury rendered a verdict for defendant upon which the trial court entered a judgment. Plaintiff now appeals.

The issues before this court for review are (1) whether the trial court abused its discretion when it refused to grant plaintiff's motions for a directed verdict and a judgment notwithstanding the verdict; (2) whether the jury's verdict was against the manifest weight of the evidence and plaintiff is entitled to a new trial; and (3) whether the cumulative effect of the alleged errors at trial deprived plaintiff of a fair trial. We affirm.

On December 4, 1981, defendant was driving his Ford LTD westbound on Diversey Avenue in Chicago. Defendant stopped and waited to make a left turn onto Hoyne Avenue. Defendant testified that he stopped in the far left westbound lane of Diversey for 20 to 25 seconds in compliance with the traffic light in the intersection. Defendant further testified that he then turned his left turn signal on. Defendant maintained that he could see about 20 feet of the eastbound lane. Defendant testified that there was a passenger van sitting in the center of the eastbound lane of Diversey. Defendant further testified that the driver of the passenger van blew his horn and gestured for defendant to proceed and make the left turn. Defendant stated that he observed that there was enough room in the intersection for him to make a left turn and that traffic in the center eastbound lane of Diversey had stopped. Defendant testified that he then made a left turn and collided with plaintiff's car in the

eastbound curb lane of Diversey. Defendant stated that he would not have made the left-hand turn if plaintiff had not waved for him to proceed.

Plaintiff testified that defendant was looking over his left shoulder through the driver's side window at the red light at Clybourn and Diversey while he made the left turn.

After the accident, plaintiff was taken to the emergency room at Henrotin Hospital. Kathleen Mega, the emergency room nurse who recorded plaintiff's medical condition after the collision, testified that plaintiff complained only of headaches and abrasions.

Plaintiff was hospitalized later in March of 1984 for pain and numbness in his neck, left shoulder and left arm. Dr. Roberto Segura, a neurologist, testified that the accident was causally related to the health problems plaintiff suffered in 1984. Dr. Marshall Metz, a neurological surgeon, testified that plaintiff's medical condition in 1984 was unrelated to the collision.

At the close of the evidence, plaintiff moved for a directed verdict. The trial court denied plaintiff's motion. On March 12, 1990, the jury rendered a verdict in favor of defendant. A written judgment order was entered on March 15, 1990. Plaintiff then filed a post-trial motion for a judgment notwithstanding the verdict, which the trial court denied. Plaintiff then filed a notice of appeal and this appeal followed.

First, plaintiff contends that the trial court abused its discretion when it refused to direct a verdict or enter a judgment notwithstanding the verdict in his favor. Defendant maintains that the trial court's refusal to direct a verdict or enter a judgment notwithstanding the verdict in favor of plaintiff was proper.

Our supreme court has held that "verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14; see also *Bausback v. K mart Corp.* (1990), 194 Ill. App. 3d 325, 335, 550 N.E.2d 1269, 1276; *Maroldy v. Isaacson* (1989), 189 Ill. App. 3d 785, 789, 545 N.E.2d 736, 738; *Johnson v. R.R. Donnelley & Sons Co.* (1989), 185 Ill. App. 3d 759, 761, 542 N.E.2d 379, 381; *Parsons v. Winter* (1986), 142 Ill. App. 3d 354, 359-60, 491 N.E.2d 1236, 1240; *Duffek v. Vanderhei* (1980), 81 Ill. App. 3d 1078, 1085, 401 N.E.2d 1145, 1151.

■ We find that the trial court properly denied plaintiff's motions for a directed verdict and judgment notwithstanding the verdict. The evidence, when viewed in the light most favorable to defendant, does

not overwhelmingly favor plaintiff. Defendant presented medical witnesses who testified that his injuries were not caused by the collision. Nurse Mega testified that plaintiff denied any trauma or injury to his neck when he was hospitalized in 1981. In addition, Dr. Metz testified that plaintiff's medical condition in 1984 was unrelated to the collision. Furthermore, defendant testified that he looked for oncoming eastbound traffic and that plaintiff indicated to him that he should proceed to make a left turn. The jury could have reasonably concluded that defendant's actions under those circumstances were not negligent. Based upon the evidence presented at trial, the jury could have found that plaintiff failed to meet his burden of proving that his medical condition in 1984 was caused by defendant's alleged negligence. Accordingly, we will not disturb the jury's verdict in favor of defendant.

Second, plaintiff alleges that the trial court erred when it denied his motion for a new trial because the verdict was against the manifest weight of the evidence. Defendant maintains that the trial court's denial of plaintiff's request for a new trial was proper because the jury's verdict was not against the manifest weight of the evidence.

"The decision to grant or deny a motion for a new trial rests within the discretion of the trial court." (*Estate of Whittington v. Emdeko National Housewares, Inc.* (1981), 96 Ill. App. 3d 1007, 1012, 422 N.E.2d 26, 31.) The standard to be applied by a court of review when determining whether a plaintiff is entitled to a new trial is whether the verdict, and the judgment entered thereon, was against the manifest weight of the evidence. (*Tedrowe v. Burlington Northern, Inc.* (1987), 158 Ill. App. 3d 438, 443, 511 N.E.2d 798, 801.) A verdict is contrary to the manifest weight of the evidence only where a conclusion opposite to the one reached by the jury is apparent, or the finding is arbitrary, unreasonable, and not based upon the evidence. *Parsons v. Winter* (1986), 142 Ill. App. 3d 354, 358, 491 N.E.2d 1236, 1239; *Duffek v. Vanderhei* (1980), 81 Ill. App. 3d 1078, 1087, 401 N.E.2d 1145, 1153; *Didier v. Jones* (1978), 61 Ill. App. 3d 22, 27, 377 N.E.2d 572, 575.

■ We find that the trial court did not err when it refused to grant plaintiff a new trial. Upon reviewing the evidence in the present case, we find that the jury's finding for defendant was neither arbitrary, unreasonable, nor without basis in the evidence. The jury heard evidence that defendant stopped at the intersection and proceeded to make a left turn only after checking for oncoming traffic and after plaintiff gestured for him to proceed. In addition, Nurse Mega testified that plaintiff did not complain of any abnormality in

his neck when he was admitted to the hospital shortly after the accident. The jury also heard testimony from defendant's expert witness, Dr. Metz, that defendant's medical condition in 1984 was unrelated to the collision. For the aforementioned reasons, the jury's verdict was not contrary to the manifest weight of the evidence. Accordingly, plaintiff is not entitled to a new trial.

■ Finally plaintiff contends that the trial court erred when it refused to grant him a new trial because the cumulative effect of the alleged errors at trial deprived him of a fair trial. Plaintiff specifically alleges that the cumulative effect of defense tactics during the early portion of the trial, defense counsel's improper reference to matters before the jury which had previously been ruled upon by the trial court and defense counsel's "cheap shots" targeted at plaintiff during opening statement deprived him of a fair trial. In addition, plaintiff alleges that he was prejudiced when defense counsel characterized defendant as a "poor uninsured man who would have to pay any judgment out of his own pocket." Defendant maintains that the trial court's ruling on plaintiff's motion for a new trial was proper.

In cases where individual errors committed by a trial court do not merit reversal alone, the cumulative effect of said errors may deprive the defendant of a fair trial. (*Brown v. ARCO Petroleum Products Co.* (1989), 195 Ill. App. 3d 563, 571-72, 552 N.E.2d 1003, 1009-10.) In such cases, the judgment against the defendant must be reversed and his cause remanded for a new trial. *Brown*, 195 Ill. App. 3d at 572, 552 N.E.2d at 1010.

In *Wanner v. Keenan* (1974), 22 Ill. App. 3d 930, 935, 317 N.E.2d 114, 118-19, however, we ruled that "[t]he trial judge *** has a duty to control the trial in order to insure a just result [citation]. A reviewing court will grant the trial judge every reasonable presumption that he has properly performed his duties and exercised his discretionary powers. An argument must be clearly improper and prejudicial in order for a reviewing court to reverse a verdict on these grounds." See also *Estate of Whittington v. Emdeko Housewares, Inc.* (1981), 96 Ill. App. 3d 1007, 1012, 422 N.E.2d 26, 31.

In the present case, the record shows that the trial court properly sustained four objections by plaintiff to defense counsel's trial tactics. Furthermore, the trial court reprimanded defense counsel *sua sponte* for his trial tactics on three other occasions. In addition, plaintiff's allegation that he was prejudiced by defense counsel's characterization of defendant as an uninsured man who would have to pay any judgment against him lacks merit. The record shows that defense counsel made no references to defendant's insurance status. Defense counsel did, however, make a proper argument pursuant to the evi-

dence that plaintiff wants defendant to pay for alleged ailments that are unrelated to any injuries plaintiff may have suffered in the accident, and that plaintiff failed to meet his burden of proof. After a careful review of the record, we find that defense counsel's conduct was not prejudicial and that the trial court properly conducted the trial. Accordingly, we hold that plaintiff received a fair trial.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

GREIMAN, P.J., and CERDA, J., concur.